Jeffrey G. Gilmore

Akerman LLP
8100 Boone Boulevard
Suite 630
Vienna, VA 22182
Tel: 703.790.8750
Fax: 703.448.1801

January 27, 2014

The Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:   <u>Perini v. Usiminas Mecânica S.A., Case No. 12 CV 1931 (VB) (PED)</u>

Dear Judge Briccetti:

This letter-motion is sent as a request, in accordance with the Individual Practices of Judge Vincent L. Briccetti, for a pre-motion conference regarding Defendant Usiminas Mecânica S.A's upcoming Motion for Summary Judgment. For the reasons set forth below, Defendant believes that the case, or a significant portion thereof, can be disposed of by a Motion for Summary Judgment.

Plaintiff Perini Corporation / O&G Industries, Inc., A Joint Venture's Complaint currently has four counts: (i) breach of contract; (ii) breach of express warranty; (iii) breach of implied warranties; and (iv) breach of obligation of good faith and fair dealing.[1]

The material facts are undisputed. The Parties entered into a Purchase Order for the manufacture and supply of orthotropic steel deck panels on December 19, 2003. All of the panels were fully manufactured and delivered to the Plaintiff and placed into service by August 31, 2006. Subsequently, the Plaintiff discovered cracks in the rib-to-deck welds in the panels supplied by the Defendant. On May 11, 2011, over four and a half years after Plaintiff concedes the panels were delivered and in service, Plaintiff filed a Summons with Notice in the Supreme Court of the State of New York. That case was ultimately removed to this Court. Plaintiff alleges, among other things, that Defendant is responsible for the costs of repairing the cracks.

Under New York Uniform Commercial Code § 2-725, the statute of limitations for all of Plaintiff's counts is four years from date of delivery of the panels. Because the Plaintiff filed this

akerman.com

---

[1] The fifth count, breach of corporate payment and performance bond, was dismissed on December 3, 2012. Dkt. Entry No. 27.

{27836322;1}

Honorable Vincent L. Briccetti
January 27, 2014
Page 2

---

action more than four years after the date the goods were delivered, the applicable statute of limitations has expired, making Plaintiff's claims time-barred.

All of the foregoing will be amplified and substantiated as part of Defendant's proposed Motion for Summary Judgment. It is respectfully submitted that it would be in the interests of judicial economy to allow the Defendant to make a Motion for Summary Judgment because it could result in either the case being disposed of in its entirety, or a significant narrowing of the issues to be resolved.

Thank you for your consideration.

Very truly yours,

Jeffrey G. Gilmore/PK w/ permission

Jeffrey G. Gilmore

cc: The Honorable Paul E. Davison (via fax)
Michael J. Hogan, Esq. (via email)

{27836322;1}