| | | |
|---|---|---|
| NEW YORK | **DuaneMorris®** | BALTIMORE |
| LONDON | | WILMINGTON |
| SINGAPORE | | MIAMI |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | BOCA RATON |
| CHICAGO | | PITTSBURGH |
| WASHINGTON, DC | | NEWARK |
| SAN FRANCISCO | MICHAEL J. HOGAN | LAS VEGAS |
| SILICON VALLEY | DIRECT DIAL: +1 212 471 1869 | CHERRY HILL |
| SAN DIEGO | PERSONAL FAX: +1 212 202 7503 | LAKE TAHOE |
| BOSTON | E-MAIL: mjhogan@duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| LOS ANGELES | www.duanemorris.com | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| ATLANTA | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |

February 3, 2014

The Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
300 Quaropas Street
White Plains, New York 10601-4150

      Re:    **Perini/O&G v. Usiminas Mecanica S.A.**
                **Case No. 12CV 1931 (VB) (PED)**

Dear Judge Briccetti:

      This letter is sent in response to the letter of Jeffrey Gilmore of Akerman dated January 27, 2014 requesting a pre-motion conference regarding Defendant Usiminas Mecanica S.A.'s ("Usiminas") request to pursue a motion for summary judgment. Plaintiff Perini/O&G, a joint venture ("Perini") does not believe leave to file a motion for summary judgment should be granted to Usiminas as there are numerous issues of fact that would preclude granting of summary judgment and require a trial of this matter.

      In addition to various fabrication errors, there are two (2) major components of Usiminas work under the Purchase Order that are in dispute in this matter. The rib to deck partial penetration weld of the orthotropic deck panels fabricated by Usiminas and the overlay (Bonded Aggregate Surface – "BAS") that Usiminas applied to most of the deck surface of the deck panels.

      The prime contract between Perini and the Triborough Bridge and Tunnel Authority ("TBTA"), together with its General and Special Conditions, Specifications, Drawings, etc., were incorporated by reference into the Purchase Order. The BAS Specifications include a warranty against all defects incurred for a period of five (5) years from the date of acceptance of the work by the TBTA, which the TBTA has not yet done. Among others, the scope of this warranty provision, the extent of the BAS applied by Usiminas that Perini was required by

DUANE MORRIS LLP

1540 BROADWAY   NEW YORK, NY 10036-4086                                    PHONE: +1 212 692 1000   FAX: +1 212 692 1020
DM1\4471780.1

The Honorable Vincent L. Briccetti
February 3, 2014
Page 2

TBTA to remove and replace and the extent that Usiminas is obligated under this warranty provision are all material issues that need to be decided at the trial.

With respect to the defective welds, the Specification for Structural Steel (which is applicable to the orthotropic deck) provides that the TBTA may reject non-conforming materials that do not meet specified requirements, whether in place or not, and the material shall be removed and replaced with conforming material at no additional cost. In addition, the Purchase Order provides that Usiminas is responsible for the cost of correcting non-conforming conditions caused by Usiminas. The defective welds provided by Usiminas subsequently cracked and Perini has been forced to replace them. Further, the prime contract provides for a warranty that the work conforms to the contract requirements and is free from any patent or latent defect of material or workmanship for a period of one year from substantial completion. The TBTA has not yet issued the certificate of substantial completion. As a result, material issues exist as to the scope of the warranty's provisions. The scope of the defects in the welds and the replacement of the welds and the extent that Usiminas is obligated to Perini under the above provisions.

Perini also intends to assert the defense that Usiminas should be equitably estopped from asserting any statute of limitation defense based on its conduct prior to May 2011, which necessarily raises issues of fact.

I apologize that this response is a few days late, unfortunately, I had several cases that had January 31, 2014 discover cut-offs which lead to a flurry of discovery activity.

Very truly yours,

Michael J. Hogan

MJH:mdb

cc: The Honorable Paul E. Davison (via fax)
Jeffrey Gilmore, Esq. (via fax)